# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON,<br><br>　　　　　　　　Petitioner,<br>　vs.<br><br>SCOTT KERNAN, Warden,<br><br>　　　　　　　　Respondent. | CASE NO. 06-CV-0233 WQH (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PETITIONER'S REQUEST TO AMEND** |

HAYES, Judge:

　　The matter before the Court is the review of the Report and Recommendation (doc. no. 18) filed on August 14, 2006 by the Honorable Peter C. Lewis, United States Magistrate Judge. The Report and Recommendation set September 11, 2006, as the deadline for either party to file objections. Neither party filed objections. However, on September 20, 2006, Petitioner filed a Request to Amend (doc. no. 19). The Court hereby adopts Magistrate Judge Lewis's Report and Recommendation in its entirety, and grants Petitioner's Request to Amend (doc. no. 19).

## BACKGROUND

　　The Court hereby incorporates by reference the background set forth in the Report and Recommendation. The following is a summary of certain key facts.

　　On November 8, 2000, Petitioner was convicted in San Diego Superior Court of robbery, attempted robbery, and false imprisonment. As a result of three sentencing enhancements being found, he was sentenced to fifty-four years and eight months in prison. Petitioner's direct appeal was

1  denied, and the California Supreme Court denied his Petition for Review on January 15, 2003.
2  Petitioner then filed various Petitions for a Writ of Habeas Corpus with the state courts, including a
3  November 8, 2004 Petition, January 12, 2005 Supplemental Petition, and July 26, 2005 Second
4  Supplemental Petition, all filed with the California Supreme Court.  On January 16, 2006, the
5  California Supreme Court denied the Petitions without comment.

6  Petitioner filed the instant federal Petition on January 31, 2006.  In it, he sets forth thirteen
7  grounds for relief.  On April 12, 2006, Respondent filed a Motion to Dismiss the Petition (doc. no. 8),
8  arguing that it was "mixed," containing both exhausted and unexhausted claims.  Specifically,
9  Respondent contended that claims 10-13 were unexhausted.  On June 21, 2006, Petitioner filed an
10 Opposition, in which he conceded that claim 13 was unexhausted and requested its voluntary
11 dismissal, but disputed Respondent's contentions that claims 10-12 were unexhausted.  In his August
12 14, 2006 Report and Recommendation, Magistrate Judge Lewis found that claims 10 and 11 were
13 exhausted, but that claim 12 was unexhausted.  Magistrate Judge Lewis agreed to the dismissal of
14 claim 13 as Petitioner requested.  Neither party filed objections.  On September 20, 2006, Petitioner
15 filed a Request to Amend, in which he sought leave to delete claim 12 from his Petition.

16 **RULING OF THE COURT**

17 When no objections are filed, the district court may assume the correctness of the findings of
18 fact by the Magistrate Judge and decide the motion on the applicable law.  *Campbell v. United States*
19 *Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).  The failure to file objections relieves the district court
20 of the burden to give *de novo* review to findings of fact; the conclusions of law must be reviewed *de*
21 *novo*.  *Brilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing *Britt v. Simi Valley Unified School*
22 *Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).  In the instant matter, aside from setting forth the undisputed
23 procedural history, Magistrate Judge Lewis made no factual findings.  After *de novo* review of all
24 conclusions of law, the Court adopts the Report and Recommendation filed on August 14, 2006 in its
25 entirety.

26 "[T]he doctrine of exhaustion requires a petitioner to present his claims to a state court for
27 review before seeking relief in federal court."  *Jackson v. Roe*, 425 F.3d 654, 657 (9th Cir. 2005).
28 When a district court is faced with a "mixed petition" presenting both exhausted and unexhausted

claims, the district court must dismiss it, and provide the prisoner with the choice of returning to state court to exhaust his claims, or amending or resubmitting the petition to present only exhausted claims; or the Court may stay the mixed petition to allow the petitioner to return to state court to present unexhausted claims, upon a finding of good cause for the failure to exhaust. *See id.* at 657-58, 660-61. In order to exhaust a state claim, a petitioner must present the substance of the federal claim to the state's highest court on direct or collateral review. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). As set forth in the Report and Recommendation, applicable law requires that the essential facts and legal theories in both the federal and state claims be the same, *Belmontes v. Brown*, 414 F.3d 1094, 1117 (9th Cir. 2005), and that the petitioner clearly argue to the highest state court that the claim is brought under the United States Constitution, alleging both a factual and legal basis for federal relief, *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

The Court has examined Petitioner's original, Supplemental, and Second Supplemental Petitions to the California Supreme Court, as well as the instant Petition filed in U.S. District Court, and concludes that Magistrate Judge Lewis correctly found claims 10 and 11 of the instant Petition to have been fairly presented to the California Supreme Court, and therefore exhausted. The Court further concludes that Magistrate Judge Lewis correctly found that claim 12 of the instant Petition was not fairly presented to the California Supreme Court, and is therefore unexhausted. Accordingly, Magistrate Judge Lewis correctly found the instant Petition to be mixed. In addition, the Court finds the voluntary dismissal of claim 13 to have been appropriate. The Court therefore **ADOPTS** the Report and Recommendation.

In his Request to Amend, Petitioner moves the Court to delete ground 12 of his Petition, which Magistrate Judge Lewis found to have been unexhausted, so that he may proceed with grounds 1-11. The Court interprets this to be Petitioner's election to proceed by amending his Petition to delete the claim found to have been unexhausted. Although the Request is premature, having been filed prior to the Court's adoption of the Report and Recommendation, the Court has now adopted the Report and Recommendation, and therefore **GRANTS** the Request to Amend. Accordingly, Respondent's Motion to Dismiss (doc. no. 8) Petitioner's mixed Petition is **GRANTED**, and it is **ORDERED** that the Clerk is directed to file the First Amended Petition attached to Petitioner's Request to Amend.

**CONCLUSION**

**IT IS HEREBY ORDERED THAT** the Court **ADOPTS IN ITS ENTIRETY** the Report and Recommendation filed on August 14, 2006 (doc. no. 18). Respondent's Motion to Dismiss (doc. no. 8) is **GRANTED**, and Petitioner's Request to Amend (doc. no. 19) is **GRANTED**. The Clerk is directed to file the First Amended Petition attached to Petitioner's Request to Amend.

DATED: October 2, 2006

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge