# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY PENTON, | CASE NO. 06cv233 WQH (PCL) |
| --- | --- |
| Petitioner, | **ORDER** |
| vs. | |
| SCOTT KERNAN, Warden, | |
| Respondent. | |

HAYES, Judge:

The matters pending before the Court are (1) the review of the Report and Recommendation (Doc. # 36) filed on August 31, 2007 by the United States Magistrate Judge Peter C. Lewis, (2) the Motion for Order Extending Time for Appeal (Doc. # 38), and (3) the Motion for Order Directing Litigation Coordinator at C.S.P. SAC "Linda Young" to Grant Petitioner (8) Hours a Week Law Library Access. (Doc. # 43).

**I.   Background**

On October 2, 2006, Petitioner Anthony Penton filed an Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. # 21). On March 28, 2007, Respondent filed an Answer to the Petition. (Doc. # 28). On August 17, 2007, Petitioner filed a Traverse to Respondent's Answer. (Doc. # 35). On August 31, 2006, United States Magistrate Judge Lewis issued a Report and Recommendation recommending that this Court deny habeas corpus relief. (Doc. # 36). The parties were ordered to file objections to the Report and Recommendation on or before September 21,

Case 3:06-cv-00233-WQH-PCL   Document 45   Filed 12/20/07   PageID.1342   Page 2 of 5

1  2007.

2  On September 27, 2007, Petitioner filed a Motion for Order Extending Time to File
3  Objections to Report and Recommendation.  (Doc. # 40).  The Court granted the Motion
4  and extended the time to file objections to the Report and Recommendation to November 7,
5  2007.  (Doc. # 41).  Neither party filed objections to the Report and Recommendation.

6  On September 27, 2007, Petitioner filed a "Motion for Order Extending Time for
7  Appeal."  (Doc. # 38).

8  On October 22, 2007, Petitioner filed a "Motion for Order Directing Litigation
9  Coordinator at C.S.P. SAC 'Linda Young' to Grant Petitioner (8) Hours a Week Law
10 Library Access."  (Doc. # 43).

11 **II.    Review of the Report and Recommendation**

12 The duties of the district court in connection with a Report and Recommendation of
13 a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and
14 28 U.S.C. § 636(b)(1).  When the parties object to a Report and Recommendation, "[a]
15 judge of the [district] court shall make a de novo determination of those portions of the
16 [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see*
17 *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  When no objections are filed, the district
18 court need not review the Report and Recommendation de novo.  *Wang v. Masaitis*, 416
19 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114,
20 1121-22 (9th Cir. 2003) (en banc).  A district court may "accept, reject, or modify, in whole
21 or in part, the findings or recommendations made by the magistrate judge."  Fed. R. Civ. P.
22 72(b); 28 U.S.C. § 636(b)(1).

23 Neither party objected to the Magistrate Judge's Report and Recommendation in this
24 case, and this Court has reviewed the Report and Recommendation in its entirety.  The
25 Court concludes that the Magistrate Judge correctly determined that the denial of
26 Petitioner's motion for new trial did not violate his right to confrontation or due process as
27 protected by the United States Constitution; that enhancing Petitioner's sentence based on
28 his strike prior conviction did not violate the Ex Post Facto Clause of the United States

- 2 -                                             06cv233 WQH (PCL)

Constitution; that California's Three Strikes law is not void for vagueness; that there was sufficient evidence presented at trial to convict Petitioner; that Petitioner's trial and appellate counsel were not ineffective; that the trial judge's imposition of upper terms for Petitioner's sentence did not violate Petitioner's right to due process or trial by jury as protected by the United States Constitution; that Petitioner is procedurally barred from attacking the validity of his prior conviction in this Court; that Petitioner has not shown that prosecutorial misconduct deprived him of exculpatory evidence and caused him prejudice[1]; and that the trial court's exclusion of evidence was a reasonable application of Supreme Court authority.  The Court therefore adopts all portions of the Report and Recommendation.

**III.     Review of the Motion for Order Extending Time for Appeal**

Petitioner "moves the Court for an order extending the time for appeal to the United States Court of Appeal[s] for the Ninth Circuit to and including December 7, 2007 on the grounds of excusable neglect."  (Doc. # 38).

Petitioner bases his Motion on Rule 4(a) of the Federal Rules of Appellate Procedure, which prescribes the time limits for appealing judgments, orders or other decisions of the court in a civil case.  Fed. R. App. P. 4(a).  The Court construes the Motion in favor of Petitioner.  *See Karim-Panahi v. Los Angeles Police Dep't.,* 839 F.2d 621, 623 (9th Cir. 1988).  The Court denies the Motion for Order Extending Time for Appeal as unripe because the Motion fails to reference any existing judgment, order or other decision of the Court that Petitioner wishes to appeal, but is precluded from appealing in light of the time limits prescribed in Rule 4(a).

---

[1] Petitioner contends that the prosecutor failed to timely disclose portions of a police report which contained exculpatory information.  The Report and Recommendation states that these portions of the police report "were disclosed to the defense on November 6, 1999, two days before the trial ended."  *R&R,* page 32, lines 13-15 (citing *Petition,* p. 100).  The Court notes that the November 6, 1999 date appears to be inaccurate because the trial ended on November 8, 2000, when the jury found Petitioner guilty.  *Lodgment 1,* p. 105-112.  However, this apparent inaccuracy does not undermine the finding in the Report and Recommendation that the disputed portions of the police report were disclosed before the trial ended.

**IV. Review of the Motion for Order Directing Litigation Coordinator at C.S.P. SAC "Linda Young" to Grant Petitioner (8) Hours a Week Law Library Access**

Petitioner contends that he is currently entitled to two hours a week of law library access which is inadequate in light of his pending habeas petition and because he has been forced to gather outdated information which has negatively impacted his Motion for Extension of Time to File Objections to the Report and Recommendation and Motion for Order Extending Time for Appeal. Petitioner moves the Court for an order directing the authorities at the prison where he is incarcerated to allow him eight hours a week of law library access until he fully exhausts his habeas petition in the federal district and circuit courts.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates with the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). However, the problems of prison administration and reform are "complex and intractable . . . and are not readily susceptible of resolution by decree . . . . When a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." *Procunier v. Martinez,* 416 U.S. 396, 404-405 (1973). "There is no minimum requirement that a state must meet in order to provide indigent prisoners with meaningful access to the courts." *King v. Ativeh,* 814 F.2d 565, 258 (9th Cir. 1987). In order to show a violation of the right of access to the courts, the prisoner must allege "actual injury" which occurs when an prisoner "demonstrate[s] that the alleged shortcomings in the law library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey, 518 U.S. 343, 350* (1996).

The Court has extended the time for Petitioner to prepare and submit various filings related to his Petition. Petitioner has not specified any additional research that is necessary at this stage. Petitioner has also failed to demonstrate that additional access to the law library would have prevented injury to his Motion for Extension of Time to File Objections to the Report and Recommendation, which the Court granted, or the Motion for Order

1  Extending Time for Appeal, which, as previously discussed, the Court did not deny based
2  on a lack of critical legal information that Petitioner could have obtained through additional
3  legal research.  At this stage of the proceedings and in light of the deference accorded to
4  prison authorities, the Court declines to order "Litigation Coordinator at C.S.P. SAC Linda
5  Young" to grant Petitioner eight hours a week of law library access.

**V.     Conclusion**

IT IS HEREBY ORDERED that all portions of the Report and Recommendation filed on August 31, 2007 (Doc. # 36) are **ADOPTED** and the Amended Petition for Writ of Habeas Corpus (Doc. # 21) is **DENIED.**  It is further ordered that the Motion for Order Extending Time for Appeal (Doc. # 38) is **DENIED.**  It is further ordered that the Motion for Order Directing Litigation Coordinator at C.S.P. SAC "Linda Young" to Grant Petitioner (8) Hours a Week Law Library Access (Doc. # 43) is **DENIED.**

DATED:  December 20, 2007

**WILLIAM Q. HAYES**
United States District Judge