# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY PENTON, | CASE NO. 06-cv-233-WQH - PCL |
| --- | --- |
| Petitioner, | ORDER |
| vs. | |
| SCOTT KERNAN, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) filed by the Petitioner. (ECF No. 53).

## BACKGROUND FACTS

On January 31, 2006, Petitioner Anthony Penton, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On October 6, 2006, Petitioner filed a First Amended Petition presenting only exhausted claims.

On March 28, 2007, Respondent filed an Answer.

On August 31, 2007, the United States Magistrate Judge filed a Report and Recommendation recommending that this Court deny habeas relief and ordering that any party may file written objections no later than September 21, 2007. The Report and Recommendation addressed a number of issues including Petitioner's challenge to the constitutionality of the judge determinations of penalty enhancement findings under *Cunningham v. California*, 549 U.S. 270 (January 22, 2007). The Report and

Recommendation concluded that "*Cunningham* should not be retroactively applied to convictions that were final prior to its publication." (ECF No. 36 at 29).

On October 2, 2007, Petitioner filed a motion for an extension of time to file objections.

On October 22, 2007, the Court granted Petitioner's motion and ordered that objections be filed by November 7, 2007.

On October 30, 2007, Petitioner filed a motion for an order directing the litigation coordinator to grant Petitioner eight hours a week law library access.

On November 8, 2007, Petitioner was transferred from California State Prison-Sacramento to a prison in Bowling Green, Kentucky. Petitioner was denied the ability to gather legal papers and was not able to notify anyone of his departure or new address.[1]

On December 20, 2007, this Court entered an order adopting the Report and Recommendation without objections and denying the Amended Writ of Habeas Corpus.

On December 26, 2007, Judgment was entered denying the Amended Writ of Habeas Corpus. No appeal was filed.

On June 9, 2008, the Court of Appeals filed an opinion in *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008) holding that "*Cunningham* [] did not announce a new rule of constitutional law and may be applied retroactively on collateral review." *Id.* at 639.

On June 19, 2008, Petitioner returned to the California State Prison-Sacramento. During the seven months period Petitioner was in Kentucky, his mail was accumulated at the California State Prison-Sacramento. No mail was forwarded to Kentucky.

On July 29, 2008, Petitioner received his accumulated mail.

On August 11, 2008, Petitioner filed a request form seeking access to the law library in an effort to prepare a Rule 60(b) motion to reinstate his habeas petition. The request was denied on the grounds that Petitioner did not provide a court-ordered

---

[1] The Court relies upon the facts stated by Petitioner in his Declaration (ECF No. 53-2) and not contested by the Respondent.

deadline. Petitioner filed an inmate appeal and prison officials responded requesting previous screening forms. Petitioner responded that he had no previous screening forms.

On October 21, 2008, the Appeals Coordinator notified Petitioner "Do not return this appeal. If you do, it will be placed in your Appeals file & not be processed." (ECF No. 53-10). Petitioner states, "I felt I had to stop pursuing answers and a resolution until I was transferred out of CSP-SAC." (ECF No. 53-2 at 5).

On March 23, 2010, Petitioner was transferred to Salinas Valley State Prison. At Salinas, another prison told Petitioner about 42 U.S.C. § 1983 and Petitioner "thought filing one might allow me back into my habeas petition." *Id*. at 5. Petitioner filed a Complaint pursuant to 42 U.S.C. § 1983 in the District Court for the Eastern District of California for violation of his right of access to courts. The district court dismissed the second amended complaint for failure to state a claim.

On February 9, 2018, the Court of Appeals for the Ninth Circuit reversed the district court's dismissal of the amended complaint. *Penton v. Pool*, 724 Fed. Appx. 546 (9th Cir. 2018). The Court of Appeals stated in part:

> Penton's FAC sufficiently pleads a causal nexus between interference with his mail and the lost "capability" of pressing an "underlying claim." *Lewis*, 518 U.S. at 356, 116 S.Ct. 2174; *Harbury*, 536 U.S. at 415, 122 S.Ct. 2179. Defendants' withholding of Penton's mail frustrated his ability to timely object to the magistrate judge's August 2007 report and recommendation, and to timely appeal the district court's December 2007 denial of his habeas petition. Accordingly, Penton has plausibly alleged that withholding his mail "hindered" his ability to access the courts to pursue his habeas petition.

*Id*. at 549-550.

On May 8, 2018, a Notice to Substitute Attorney was filed on behalf of Petitioner. On May 15, 2018, this Court granted the request to represent Petitioner.

On May 18, 2018, Petitioner, represented by counsel, filed the motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) pending before this Court.

On June 29, 2018, Respondent filed an opposition to the motion for relief from Judgment.

On July 16, 2018, Petitioner filed a reply.

**CONTENTIONS OF THE PARTIES**

Petitioner contends that the unconstitutional denial of access to the courts in his case is an extraordinary circumstance which merits relief from judgment. Petitioner asserts that prison officials denied him access to the mail and the courts costing him the chance to object to the Report and Recommendation or file an appeal of the denial of his habeas petition. Petitioner asserts that he has been diligent in pursuing his right to file objections to the Report and Recommendation. Petitioner asserts that prison officials failed to forward his legal mail and blocked the attempts he made to pursue his grievance regarding the withholding of his mail. Petitioner contends that there is no prejudice to the Respondent in allowing him to reopen his case and file objections to the Report and Recommendation.

Respondent contends that Petitioner cannot demonstrate that he suffered any injury entitling him to relief from judgment because his objections to the Report and Recommendation have no merit. Respondent asserts that this Court should assume that Petitioner was deprived of timely access to his legal mail and access to the prison law library and conclude that Petitioner would not be entitled to relief because the state court's decision to uphold Petitioner's upper term sentence was reasonable. Respondent contends that the aggravating circumstances found by the state court in support of the upper term sentence imposed fall within the recidivism exception to the jury-trial requirements set forth in *Cunningham.*

Petitioner, in reply, asserts that his ability to file objections to the Report and Recommendations was impaired by Defendant's conduct demonstrating an injury from circumstances beyond his control. Petitioner asserts that it is not proper for this Court to determine the merits of his objections in deciding whether to allow his Rule 60 (b) motion.

**APPLICABLE LAW**

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances justifying the reopening of a final judgment." *Id.* at 535. A party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

"[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009)). In applying Rule 60(b)(6) in habeas cases, the Court of Appeals has considered six factors described in *Phelps v. Alameida*: (1) a showing of extraordinary circumstances, such as a change in intervening law; (2) the petitioner's exercise of diligence in pursuing the issue during federal habeas proceedings; (3) interest in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) degree of connection between the extraordinary circumstance and the decision for which reconsideration is sought; and (6) comity. See *id.* at 1135–40. "[T]hese factors are not 'a rigid or exhaustive checklist.'" *Hall*, 861 F.3d at 987 (quoting *Phelps*, 569 F.3d at 1135).

In *Gonzalez*, the United States Supreme Court examined "whether, in a habeas case, [Rule 60(b) motions] are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." 545 U.S. at 526. The Supreme Court determined that using Rule 60 (b) to present "new claims," "new evidence," or a "purported change in substantive law" "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within the exception to

the successive-petition bar." *Id*. at 532. The Court stated, "That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." *Id*.

The Supreme Court concluded,

> Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, *e.g., Klapprott*, 335 U.S., at 615, 69 S.Ct. 384 (opinion of Black, J.), a function as legitimate in habeas cases as in run-of-the-mine civil cases. The Rule also preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction-a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In some instances, we may note, it is the State, not the habeas petitioner, that seeks to use Rule 60(b), to reopen a habeas judgment granting the writ. See, *e.g., Ritter v. Smith*, 811 F.2d 1398, 1400 (C.A.11 1987).
>
> Moreover, several characteristics of a Rule 60(b) motion limit the friction between the Rule and the successive-petition prohibitions of AEDPA, ensuring that our harmonization of the two will not expose federal courts to an avalanche of frivolous postjudgment motions. First, Rule 60(b) contains its own limitations, such as the requirement that the motion "be made within a reasonable time" and the more specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud). Second, our cases have required a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment. *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950); accord, *id*., at 202, 71 S.Ct. 209; *Liljeberg*, 486 U.S., at 864, 108 S.Ct. 2194; *id*., at 873, 108 S.Ct. 2194 (REHNQUIST, C. J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved"). Such circumstances will rarely occur in the habeas context. Third, Rule 60(b) proceedings are subject to only limited and deferential appellate review.

*Id.* at 534-35.

## RULING OF THE COURT

In this case, Respondent does not contest facts in the record demonstrating that Petitioner had no access to his legal materials and his legal mail from November 8, 2007 until July 29, 2008 because he was transferred from a prison in Sacramento to a prison in Kentucky without time to gather his legal papers and his legal mail was not

forwarded to Kentucky. During this period of time, the deadline to file an objection to the Report and Recommendation passed, this Court adopted the Report and Recommendation without objections, judgment was entered against Petitioner on his Writ, and the time to file a Notice of Appeal expired. This uncontested lack of access to legal mail and the resulting inability to access the court is an extraordinary circumstance which rarely occurs.

Petitioner's exercise of diligence in pursuing relief in this federal habeas is demonstrated by a series of attempts to assert a claim for denial of his access to the courts through the prison appeals system and a separate civil action filed pursuant to 42 U.S.C. § 1983. While one can fault Petitioner for failing to file any request for relief in this habeas case, Petitioner pursued his legal claim for hindering his ability to access the courts in order to pursue his habeas petition diligently in the District Court for the Eastern District of California. Under these uncontested facts, Petitioner has demonstrated that the withholding of his legal mail and the denial of access to the courts prevented him from filing an objection to the Report and Recommendation. This injury caused by circumstances beyond his control supports relief under Rule 60(b). Petitioner is not required to demonstrate that he will prevail in his objections to the Report and Recommendations in order to obtain relief under Rule 60(b). These uncontested facts are adequate to show an injury resulting in a "defect in the integrity of the federal habeas proceeding." *Gonzalez,* 545 U.S. at 532. Respondent does not claim any undue prejudice would result from reopening this case to allow the filing of objections to the Report and Recommendation. In this case, the consideration of objections to the Report and Recommendation will involve legal argument limited by the issues resolved in the Report and Recommendation and the narrow review of the state court rulings under the AEDPA. While the interest in finality would support denying relief under Rule 60(b), Petitioner's inability to file objections to the Report and Recommendation is directly related to the failure of prison officials to forward his legal mail. *Id*. at 529 ("[Finality], standing alone, is unpersuasive in the interpretation of a provision whose whole purpose

is to make an exception to finality.").

IT IS HEREBY ORDERED that the motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) filed by the Petitioner (ECF No. 53) is granted.

IT IS FURTHER ORDERED that the Judgment in a civil case (ECF No. 46) and the portions of the Order (ECF No. 45 at page 45 lines 7-9) adopting the Report and Recommendation and denying the Amended Petition for Writ of Habeas Corpus (ECF No 21) are vacated. Any party may file written objections to the Report and Recommendation (ECF No. 36) within thirty days of the date of this order. Any response to the objections shall be filed within thirty days of the filing of the objection.

DATED: August 28, 2018

**WILLIAM Q. HAYES**
United States District Judge