UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Anthony PENTON,

Petitioner,

v.

Scott KERNAN, Warden,

Respondent.

Case No.: 06-cv-00233-WQH-PCL

**ORDER**

HAYES, Judge:

The matter before the Court is the Petitioner's Objections (ECF No. 66) to the Report and Recommendation (ECF No. 36) of the Magistrate Judge, recommending that the Court deny Petitioner's Writ of Habeas Corpus.

## BACKGROUND

On January 31, 2006, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On October 6, 2006, Petitioner filed a First Amended Petition presenting only his exhausted claims. (ECF No. 21).

On March 28, 2007, Respondents filed an Answer to the Petition.

On August 31, 2007, the Magistrate Judge issued a Report and Recommendation recommending that this Court deny Petitioner's Writ of Habeas Corpus. (ECF No. 36). The Magistrate Judge recommended that the Court deny the claims that a new trial should have been granted under the due process clause, and the right to confrontation. The

1

Magistrate Judge recommended that the Court deny Petitioner's claims that the Three Strike law is an ex post facto law and void for vagueness. The Magistrate Judge recommended that the Court deny Petitioner's claims of insufficiency of the evidence, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. The Magistrate Judge further recommended that the Court deny Petitioner's claim that the trial judge imposed "upper terms for his sentence based upon facts that were neither found by the jury nor admitted by Petitioner." (ECF No. 36 at 25.) No objections were filed. On December 20, 2007, this Court adopted the Report and Recommendation in its entirety and entered judgment in favor of Respondent and against Petitioner. (ECF No. 45).

On May 18, 2018, Petitioner filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). On August 28, 2018, this Court granted Petitioner's Motion for Relief from Judgment. The Court vacated the Judgment, and the portions of the Order adopting the Report and Recommendation and denying the Amended Petition for Writ of Habeas Corpus. (ECF No. 61). The Court granted leave to file objections to the Report and Recommendation. *Id.* at 8.

On November 26, 2018, Petitioner filed Objections to the Report and Recommendation. (ECF No. 66).

On April 19, 2019, Respondent filed a Response to the Petitioner's Objections to the Report and Recommendation. (ECF No. 70).

On June 17, 2019, Petitioner filed a Reply in Support of Objections to the Report and Recommendation. (ECF No. 76).

## LEGAL STANDARD

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). A district court may "accept, reject, or

2

modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## RULING OF THE COURT

The Court has reviewed de novo of all portions of the Report and Recommendation addressed by the objections and adopts all portions of the Report and Recommendation (ECF No. 63) except the section entitled "**DEPRIVATION OF JURY TRIAL IN SENTENCING,"** page 25, line 1 through page 31, line 20.

Petitioner contends that his sentence was unconstitutionally enhanced under California's determinate sentencing law. Petitioner contends that the trial judge violated his rights under the Sixth Amendment by imposing an upper term sentence based upon aggravating factors not found by the jury or admitted by him. Petitioner asserts that *Cunningham v. California*[1] bars the imposition of an upper term sentence based on facts found by a judge by a preponderance of the evidence. Petitioner contends that *Cunningham* applies retroactively to his case and requires the Court to conclude that his enhanced sentence is unconstitutional. Petitioner contends that *Butler v. Curry*,[2] does not extend the prior conviction exception in *Apprendi v. New Jersey*,[3] to "qualitative evaluations of the nature or seriousness of past crimes, because such determinations cannot be made solely by looking to the documents of conviction." (ECF No. 66 at 19). Petitioner asserts that the trial court made a factual finding by a preponderance of the evidence that his prior convictions were of "increasing seriousness" and "numerous" outside of the prior conviction exception in *Apprendi*. *Id*. at 20-21.

Respondent contends that the prior conviction exception set forth in *Apprendi* allowed the trial court to determine whether prior convictions are "numerous or of increasing seriousness" in support of an upper term sentence. (ECF No. 70 at 4).

---

[1] 549 U.S. 270 (2007).
[2] 528 F.3d 624 (9th Cir. 2008).
[3] 530 U.S. 466, 490 (2000).

Respondent contends that circuit court precedent, such as *Butler*, cannot be the basis of clearly established federal law for purposes of review in a habeas proceeding.

Petitioner was sentenced to an "upper, aggravated term as the base term" under California's determinate sentencing system. (ECF No. 29-9 at 208). The trial judge found the following three aggravating factors: 1) the "crime involved great violence;" 2) "the manner in which the crime was carried out indicated planning, sophistication, and professionalism;" and 3) "Defendant's prior convictions are numerous and of increasing seriousness." *Id*. at 208-209. "Under California's determinate sentencing system, the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term." *People v. Black*, 41 Cal. 4th 799, 813 (Cal. 2007) ("Black II"). The issue presented is whether the imposition of the upper term sentence based upon the Petitioner's prior convictions violated his Sixth Amendment right to a jury trial.

The Supreme Court has held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. at 476. In *Cunningham*, the Supreme Court held California's determinate sentencing law violated the rule in *Apprendi* "[b]ecause circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt . . . ." 549 U.S. 270, 288 (2007); *see also Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2013) ("In *Almendarez-Torres v. United States* . . . we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.").

The Court of Appeals for the Ninth Circuit applies a narrow interpretation of the "prior conviction" exception set forth in *Apprendi*. *See Butler*, 528 F.3d at 644 ("Under our precedents, the [prior conviction] exception does not extend to qualitative evaluations of the nature or seriousness of past crimes, because such determinations cannot be made solely by looking to the documents of conviction."). For purposes of review under the

4

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, "*Butler* does not represent clearly established law 'as determined by the Supreme Court of the United States.'" *Kessee v. Mendoza-Powers*, 574 F.3d 675, 679 (2009) (quoting 18 U.S.C. § 2254(d)(1)).

In *Black II*, the California Supreme Court concluded that the determination by the trial judge that defendant's conviction were "numerous or of increasing seriousness" to impose the upper term satisfied the exception for prior convictions set forth in *Apprendi* and the requirements of the Sixth Amendment. The defendant in *Black II* asserted that "he was entitled to a jury trial on the aggravating circumstance of his prior criminal history because, even if the trial court properly may decide whether a defendant has suffered a prior conviction, a jury must determine whether such convictions are numerous or increasingly serious." 41 Cal. 4th at 819. The California Supreme Court broadly applied the "prior conviction" exception in *Apprendi*, holding that the exception includes "not only the fact that a prior conviction occurred, but also other related issues that may be determined by examining the records of the prior convictions." *Id.* The Court explained:

> The determinations whether a defendant has suffered prior convictions, and whether those convictions are "numerous or of increasing seriousness" (Cal. Rules of Court, rule 4.421(b)(2)), require consideration of only the number, dates, and offenses of the prior convictions alleged. The relative seriousness of these alleged convictions may be determined simply by reference to the range of punishment provided by statute for each offense. This type of determination is "quite different from the resolution of the issues submitted to a jury, and is one more typically and appropriately undertaken by a court." (*McGee*, supra, 38 Cal.4th at p. 706, 42 Cal.Rptr.3d 899, 133 P.3d 1054.)

*Id.* at 819-20.

Under the AEDPA, a petition for habeas corpus pending before a federal court "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in a decision that either "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

5

determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *Id.* § 2254(d)(2). "The starting point for cases subject to § 2254(d)(1) is to identify the 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Marshall v. Rodgers*, —— U.S. ——, 133 S.Ct. 1446, 1449, 185 L.Ed.2d 540 (2013) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)). In *Robertson v. Pichon*, 849 F.3d 1173, 1182 (9th Cir. 2017), the Court of Appeals explained,

> Clearly established federal law is limited to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions," *Woods v. Donald*, —— U.S. ——, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam) (quoting *White v. Woodall*, —— U.S. ——, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014)), and "[c]ircuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme Court] has not announced,' " *Lopez v. Smith*, —— U.S. —— ——, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) (quoting *Marshall*, 133 S.Ct. at 1450). "[W]hen a Supreme Court decision does not 'squarely address[ ] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in these recent decisions, it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision." *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (second, third, and fourth alterations in original) (citation omitted) (quoting *Wright v. Van Patten*, 552 U.S. 120, 125, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008)). Said otherwise, "when a state court may draw a principled distinction between the case before it and Supreme Court caselaw, the law is not clearly established for the state-court case." *Murdoch*, 609 F.3d at 991.

The scope of the "prior conviction" exception as determined in *Black II* is a reasonable interpretation of the "prior conviction" exception set forth in *Apprendi*. *See Kessee*, 574 F.3d at 679 ("Because the Supreme Court has not given explicit direction and

6

because the state court's interpretation is consistent with many other courts' interpretations, we cannot hold that the state court's interpretation was contrary to, or involved an unreasonable application of Supreme Court precedent."). In this case, the determination of the trial judge that "Defendant's prior convictions are numerous and of increasing seriousness" and the decision to impose an upper term sentence in this case is consistent with the holding in *Black II* and was not an "unreasonable application" of "clearly established" federal law. Petitioner is not entitled to relief under § 2254(d)(1).

## I.    CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 63) is ADOPTED except for page 25 line 1 through page 31 line 20. Petitioner's Writ of Habeas Corpus (ECF No. 21) is DENIED. The Clerk of the Court shall enter judgment in favor of Respondent and against Petitioner.

Dated:  September 12, 2019

Hon. William Q. Hayes
United States District Court