UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PENTON,<br><br>                      Petitioner,<br><br>v.<br><br>A. MALFI,<br><br>                      Respondent. | Case No.: 6-cv-233-WQH-RBM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Certificate of Appealability filed by Petitioner Anthony Penton. (ECF No. 79).

## I. BACKGROUND

On January 31, 2006, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1). On October 2, 2006, Petitioner filed an Amended Petition against Respondent A. Malfi. (ECF No. 21). On August 31, 2007, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny Petitioner's Amended Petition. (ECF No. 36). The Magistrate Judge recommended that the Court deny the claims that a new trial should have been granted under the Due Process Clause and the right to confrontation. The Magistrate Judge recommended that the Court deny Petitioner's claims that California's Three Strikes law is

an ex post facto law and is void for vagueness. The Magistrate Judge recommended that the Court deny Petitioner's claims of insufficiency of the evidence, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. The Magistrate Judge further recommended that the Court deny Petitioner's claim that the trial judge imposed "upper terms for his sentence based upon facts that were neither found by the jury nor admitted by Petitioner." (*Id.* at 25). No objections to the Report and Recommendation were filed. On December 20, 2007, the Court adopted the Report and Recommendation in its entirety and entered judgment in favor of Respondent and against Petitioner.

On May 18, 2018, Petitioner filed a Motion for Relief from Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 53). On August 28, 2018, the Court granted Petitioner's Motion for Relief from Judgment. (ECF No. 61). The Court vacated the Judgment and the portions of the December 20, 2007, Order adopting the Report and Recommendation and denying the Amended Petition. The Court granted leave to file objections to the Report and Recommendation.

On November 26, 2018, Petitioner filed Objections to the Report and Recommendation. (ECF No. 66). On April 19, 2019, Respondent filed a Response to Petitioner's Objections. (ECF No. 70). On June 17, 2019, Petitioner filed a Reply. (ECF No. 76). On September 12, 2019, the Court issued an Order adopting all portions of the Report and Recommendation except the section entitled **"DEPRIVATION OF JURY TRIAL IN SENTENCING,"** page 25, line 1, through page 31, line 20, and denied Petitioner's Amended Petition. (ECF No. 77). The Court held that:

> the determination of the trial judge that 'Defendant's prior convictions are numerous and of increasing seriousness' and the decision to impose an upper term sentence in this case is consistent with the holding in [*People v. Black*, 41 Cal. 4th 799 (2007)] and was not an 'unreasonable application' of 'clearly established' federal law. Petitioner is not entitled to relief under [28 U.S.C.] § 2254(d)(1).

(ECF No. 77 at 7).

On October 14, 2019, Petitioner filed a Motion for Certificate of Appealability (ECF No. 79) and a Notice of Appeal (ECF No. 80). On November 15, 2019, the Court of Appeals issued an Order stating:

> The district court has not issued or declined to issue a certificate of appealability in this appeal, which appears to arise under 28 U.S.C. § 2254. This case is remanded to the district court for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).
>
> If the district court issues a certificate of appealability, the court should specify which issue or issues meet the required showing. *See* 28 U.S.C. § 2253(c)(3); *Asrar*, 116 F.3d at 1270. Under *Asrar*, if the district court declines to issue a certificate, the court should state its reasons why a certificate of appealability should not be granted, and the Clerk of the district court shall forward to this court the record with the order denying the certificate. *See Asrar*, 116 F.3d at 1270.

(ECF No. 82 at 1-2).

## II. DISCUSSION

Petitioner contends that the Court should certify the following issues for appeal: 1) whether Petitioner's sentence was unconstitutionally increased under California's Determinate Sentencing Law; 2) whether Petitioner's constitutional rights to due process and a fair trial were violated at trial by the prosecutor's suppression of favorable evidence; 3) whether the trial court unconstitutionally excluded evidence favorable to Petitioner; 4) whether the trial court violated Petitioner's constitutional right to confrontation; 5) whether Petitioner should have been allowed to challenge his prior conviction at sentencing; 6) whether petitioner's appellate counsel was ineffective; and 7) whether the alleged constitutional violations cumulatively prejudiced Petitioner. (ECF No. 79-1 at 8). Petitioner contends that "reasonable jurists could disagree with the Court's resolution" of these issues. (*Id.*).

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a § 2254 habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A);

Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[T]he district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record in this case, the Court concludes that issues Petitioner requests this Court certify for appeal, as raised in Petitioner's Amended Petition, are non-frivolous and debatable among reasonable jurists. Although the Court denied Petitioner's Amended Petition, the Court finds that Petitioner raised colorable constitutional arguments. Pursuant to the Order of the Court of Appeals, this Court grants a certificate of appealability as to the following claims: 1) Petitioner's sentence was unconstitutionally enhanced under California's Determinate Sentencing Law; 2) the prosecutor violated Petitioner's rights to due process and a fair trial by suppressing the Spear Report and the Good Report; 3) the trial court violated Petitioner's due process rights by excluding evidence favorable to Petitioner; 4) the trial court violated Petitioner's right to confrontation at the hearing on his motion for new trial; 5) the trial court should have allowed Petitioner to challenge his prior conviction at sentencing; 6) Petitioner's appellate counsel was ineffective; and 7) the constitutional violations that occurred during Petitioner's trial, sentencing, and appellate proceedings cumulatively prejudiced Petitioner.

///

///

///

1   **III. CONCLUSION**

2       IT IS HEREBY ORDERED that the Motion for Certificate of Appealability (ECF

3  No. 79) is GRANTED.

4  Dated: December 4, 2019

5                                 Hon. William Q. Hayes

6                                 United States District Court